In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-504 CR


____________________



SHELACEY BECK, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 159th District Court


Angelina County, Texas


Trial Cause No. 24,462






MEMORANDUM OPINION


 A jury convicted Shelacey Beck of aggravated sexual assault of a child and sentenced
her to twenty years' confinement in the Texas Department of Criminal Justice, Institutional
Division. See Tex. Pen. Code Ann. 22.021 (Vernon Supp. 2005). Beck appeals raising
three points of error. 

 Point of error one claims appellant invoked her right to remain silent; therefore, her
videotaped statement was improperly admitted into evidence against her. The following
exchange occurred between Beck and Detective Cross: 

 Detective Cross: "We've got this witness. You're going to go to court on it. 
You need to tell me about what he did. If he jumped on you and you-all were
doing this, then he needs some counseling. You follow what I'm saying?"

 

 Ms. Beck: "Yes."

 

 Detective Cross: "Well, tell me about it."

 

 Ms. Beck: "I didn't do it."

 

 Detective Cross: "Tell me what he did."

 

 Ms. Beck: "No. I can't get him in trouble."

 

 Detective Cross: "Tell me what he did."

 

 Ms. Beck: "I can't get my [relative] in trouble."

 

 . . . .

 

 Detective Cross: "Right now it's on your back."

 

 Ms. Beck: "I don't care if it's on my back. I can't get my little [relative] in
trouble."


 Detective Cross: "Did he do what (inaudible) --" 

 

 Ms. Beck: "I'm not going to tell you what he did (inaudible)."


Beck argues in her brief that "[a]t this point, the Appellant clearly expresses her desire to
terminate this interview and Detective Cross should have stopped questioning her." Having
reviewed the videotape, we must agree with the trial court that Beck was not insisting on
terminating the interview, but trying to avoid implicating her [relative]. 

 "If a statement is governed by Miranda (i.e. the suspect is in custody), then a failure
to cut off questioning after a suspect invokes his right to remain silent violates his rights and
renders any subsequently obtained statements inadmissible." Dowthitt v. State, 931 S.W.2d
244, 257 (Tex. Crim. App. 1996) (referring to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct.
1602, 16 L.Ed.2d 694 (1966). "But, an officer need not stop his questioning unless the
suspect's invocation of rights is unambiguous, and the officer is not required to clarify
ambiguous remarks." Dowthitt, 931 S.W.2d at 287. Beck's statement that she was not going
to tell what her nephew did is not an unambiguous invocation of the right to remain silent. 
Appellant's statement indicates that she did not want to get her relative in trouble, not that
she wanted to stop the interview. Under these circumstances, we find appellant did not
unambiguously invoke her right to remain silent and Detective Cross did not violate
appellant's rights by continuing the interrogation. See id. Point of error one is overruled.

 Points of error two and three contend the evidence is legally and factually insufficient
to support the conviction. Beck was charged with intentionally or knowingly causing the
sexual organ of a child, who was then younger than fourteen years of age, to contact her
sexual organ. See Tex. Pen. Code Ann. 22.021(a)(1)(B)(iii), (2)(B). 

 The assault was discovered following the diagnosis of the victim with gonorrhea.
Beck and other members of the victim's family were tested and only Beck tested positive for
gonorrhea. At trial, the victim's nine-year old sister testified, through the use of anatomically
correct drawings, that she saw Beck's sexual organ touch the sexual organ of her brother.
Beck gave a statement to police and admitted to the contact of her vagina to the victim's
penis. The only evidence Beck refers this court to is that the witness said Beck's clothes
were on. Detective Cross testified the witness told him that she had witnessed Beck go into
a bedroom and tell the victim to pull his pants down. Beck touched the victim "on his penis
area," Beck pulled her clothes off, and they got on the bed. Beck got on top of the victim and
began rubbing her vaginal area on his "penis area," back and forth. The witness told Cross
that she had witnessed this before, on four different occasions. 

 Viewing all the evidence in the light most favorable to the verdict, we find any
rational trier of fact could have found the elements of the offense beyond a reasonable doubt. 
See Ovalle v. State, 13 S.W.3d 774, 777 (Tex. Crim. App. 2000). Likewise, viewing all the
evidence in a neutral light, we find the fact finder was rationally justified in finding guilt
beyond a reasonable doubt. See Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App.
2004). Issues two and three are overruled. 

 The judgment of the trial court is AFFIRMED.




 ________________________________

 CHARLES KREGER

 Justice


Submitted on August 24, 2005 

Opinion Delivered August 31, 2005

Do not publish 


Before McKeithen, C.J., Gaultney and Kreger, JJ.